UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Roger Jerome Jackson,  Case No. 18-cv-2567 (WMW/LIB)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Vincent Brown, et al.,

    Defendants.

---

  This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, upon Plaintiff Roger Jerome Jackson's Application to Proceeds in forma pauperis. [Docket No. 2].

  For the following reasons, the Court recommends that Defendant Jessica Plotz and Defendant Richard Allen Wolske, Jr., be dismissed from this action without prejudice.

  The premise underlying Jackson's Complaint concerns a physical altercation between Jackson and Defendant Vincent Brown, a sergeant with the Leech Lake Tribal Police Department. (Compl., [Docket No. 1], at 1, 4). Documents attached to Jackson's Complaint indicate that the altercation took place on April 22, 2018, after Officer Brown and another officer observed Jackson walking in the middle of a traffic lane in Cass Lake, Minnesota. (See, Compl., [Docket No. 1], at 3–4; Statement of Probable Cause, [Docket No. 1-1], at 8). Jackson was transported to a nearby hospital, where the altercation with Brown occurred. (See, Compl., [Docket No. 1], at 3–4; Statement of Probable Cause, [Docket No. 1-1], at 8).

  After the April 22, 2018, altercation, Jackson was charged with two counts of assault and one count of obstructing legal process. (See, Exhibits [Docket No. 1-1]).

1

A district court can dismiss a case sua sponte—even before service of process is effected—if the complaint is frivolous. See, e.g., Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Johnson v. Bloomington Police, 193 F. Supp. 3d 1020, 1022 (D. Minn. 2016) (citing Porter v. Fox, 99 F.3d 271, 273 (8th Cir. 1996)). A pleading is "frivolous" if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. The frivolity standard set forth in Neitzke "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 328. The Neitzke Court provided that "[e]xamples of the former class are claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist . . . ." Id. (internal citation omitted).

Pursuant to the standard set forth in Neitzke and the for the reasons contained herein, the Court recommends that Plotz and Wolske be dismissed from this action. See, Id.

First, the content of Jackson's Complaint does not even suggest a factual basis of a claim against either Defendant Plotz or Defendant Wolske; the Complaint's allegations say nothing about how either of them has wronged Jackson. (See, Compl. [Docket No. 1]). Jackson has thus provided no basis—much less an arguable one—for a claim against either Plotz or Wolske. Accordingly, any claim against those Defendants is frivolous. To the extent Jackson raises claims against Plotz or Wolske, the claims are not only claims "whose factual contentions are clearly baseless"; they are claims lacking any factual bases against Defendants Plotz and Wolske whatsoever arising out of the April 22, 2018, altercation with Brown on which the Complaint is premised.

Defendant Wolske is not alleged to have had anything whatsoever to do with the April 22, 2018, altercation; the exhibits attached to Jackson's Complaint suggests that Officer Wolske instead separately issued Jackson a citation on April 24, 2018, charging Plaintiff with property damage based

on conduct that took place on April 23, 2018. (See, Citation No. 110018000146, [Docket No. 1-1], at 2).[1]

Other than merely listing her as a Defendant in the present case, the only reference to Plotz in Jackson's filed materials is the document identifying her as the prosecutor pursuing the charges against Jackson after his April 22, 2018, altercation with Brown. (See, Exhibits [Docket No. 1-1]). Whatever claim Jackson might have against Plotz thus necessarily concerns her prosecutorial conduct. Liberally construing his Complaint in his favor, Jackson's claim arises under 42 U.S.C. § 1983; however, "[t]he Supreme Court has long recognized that prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case . . . ." Woodworth v. Hulshof, 891 F.3d 1083, 1089 (8th Cir. 2018) (citation and internal quotation marks omitted). This absolute immunity means that Jackson's claim against Plotz lacks an arguable basis in law.

Because Jackson's claims against Plotz and Wolske are frivolous, the Court recommends that Plotz and Wolske be dismissed from this action without prejudice.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendants Jessica Plotz and Richard Allen Wolske, Jr., be **DISMISSED WITHOUT PREJUDICE** from this action.

Dated: October 24, 2018         s/Leo I. Brisbois
                                Leo I. Brisbois
                                United States Magistrate Judge

---

[1] The state complaint against Jackson and the April 24 citation—both attached to Jackson's present complaint—are both public records. As such, the Court may take judicial notice of them. See, e.g., Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).