UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Roger Jerome Jackson,

        Plaintiff,                      Case No. 18-cv-2567 (WMW/LIB)

v.

                                   **REPORT AND RECOMMENDATION**

Vincent Brown, et al.,

        Defendants.

       This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

       Plaintiff initiated the present action on August 31, 2018, by filing his pro se Complaint. [Docket No. 1]). In his Complaint, Plaintiff names as Defendants Officer Vincent Brown; Leech Lake Tribal Police Department; Officer Richard Allen Wolske, Jr.; and Jessica Plotz. (Id.). Contemporaneously with his Complaint, Plaintiff filed his application to proceed in forma pauperis. [Docket No. 2].

       The premise underlying Jackson's Complaint concerns a physical altercation between Jackson and Defendant Vincent Brown, a sergeant with the Leech Lake Tribal Police Department. (Compl., [Docket No. 1], at 1, 4). Documents attached to Jackson's Complaint indicate that the altercation took place on April 22, 2018, after Officer Brown and another officer observed Jackson walking in the middle of a traffic lane in Cass Lake, Minnesota. (See, Compl., [Docket No. 1], at 3–4; Statement of Probable Cause, [Docket No. 1-1], at 8). Jackson was transported to a nearby hospital, where the altercation with Officer Brown occurred. (See, Compl., [Docket No. 1], at 3–4; Statement of Probable Cause, [Docket No. 1-1], at 8).

After the April 22, 2018, altercation, Jackson was charged with two counts of assault and one count of obstructing legal process. (See, Exhibits [Docket No. 1-1]). Defendant Plotz is the attorney who prosecuted these charges. (See, Compl. [Docket No. 1]).

Upon initial review of Plaintiff's Complaint, as well as, his application to proceed in forma pauperis, the undersigned previously recommended that Plaintiff's claims as alleged against Defendants Richard Allen Wolske, Jr. and Jessica Plotz be dismissed because those claims were frivolous. (Report and Recommendation [Docket No. 12]). As to Plaintiff's claims against the remaining Defendants, the Court granted Plaintiff's application to proceed in forma pauperis, and the Court directed Plaintiff to submit properly completed Marshal Service Forms for each remaining Defendant. (Order [Docket No. 13]). The Court forewarned Plaintiff that if he failed to submit properly completed Marshal Service Forms for the remaining Defendants, it would be recommended that this matter be dismissed without prejudice for failure to prosecute. (Id.).

Thereafter, the Honorable Wilhelmina M. Wright adopted the undersigned's Report and Recommendation, and Defendants Richard Allen Wolske, Jr. and Jessica Plotz were dismissed from the present action. (Order [Docket No. 15]).

On July 11, 2019, the undersigned issued an Order, [Docket No. 17], observing that although Plaintiff had filed at least three documents providing this Court with his updated address information, Plaintiff's then-current address remained unclear because his filings still contained conflicting information regarding Plaintiff's correct, current address. The Court noted that although the Court's previous in forma pauperis Order directing Plaintiff to provide the Court with completed Marshal Service Forms had been mailed to each of Plaintiff's provided-addresses, each of those mailings had been returned as "undeliverable." (Order [Docket No. 17]). Therefore, it appeared that Plaintiff had not actually received notice of the undersigned's

previous Order directing Plaintiff to provide completed Marshal Service Forms. (Id.). It did appear, however, that Plaintiff had received a copy of the undersigned's Report and Recommendation, [Docket No. 12], at his provided Pine River Address. (See, Order [Docket No. 17]).

Based on that record, the undersigned directed the Clerk of Court's office to mail Plaintiff a copy of the then-current docket; a copy of the undersigned's Report and Recommendation, [Docket No. 12]; a copy of the undersigned's Order, [Docket No. 13]; a copy of Judge Wright's Order, [Docket No. 15]; and new Marshal Service Forms to be completed by Plaintiff. (Order [Docket No. 17]). The undersigned ordered that each of these copies be mailed to Plaintiff at his provided Pine River Address, as well as, his provided Crow Wing County Jail Address. (Order [Docket No. 17]). In that same Order, the undersigned ordered Plaintiff to provide the Court with his current address and again ordered Plaintiff to submit properly completed Marshal Service Forms for Defendant Leech Lake Tribal Police Department and Defendant Vincent Brown. (Order [Docket No. 17]).

The Court also forewarned Plaintiff that if he failed to provide the Court with his actual, correct address within thirty days of that Order, or if he failed to complete and return the required Marshal Service Forms within thirty days of that Order, it would be recommended that the present action be dismissed without prejudice for failure to prosecute.

Thereafter, the Clerk of Court's office mailed the required copies of docket filings to Plaintiff's Pine River Address and his Crow Wing County Jail Address. Those mails were once again all returned as "undeliverable."

It has now been more than five months since this Court's July 11, 2019, Order attempting to provide Plaintiff with the filings in the present case, and it has been more than fourteen

3

months since Plaintiff has made any contact whatsoever with the Court. (See, Plf.'s Oct. 19, 2018, Letter [Docket No. 11]).

"Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by falling to provide a current address at which he or she can be reached." Grant v. Astrue, No. 9-cv-2818 (DWF/JSM), 2010 WL 3023915, at *2 (D. Minn. July 13, 2010) (citing Fate v. Doe, No. 7-cv-9256, 2008 WL 1752223, at *2 (S.D.N.Y. Apr. 16, 2008); Passe v. City of New York, No. 2-cv-6494, 2009 WL 290464, at *4 (E.D.N.Y. Jan. 5, 2009) (holding that plaintiff is responsible for failure to receive communications due to plaintiff's failure to provide the court with updated and correct contact information); Abraham v. Singh, No. 4-cv-44, 2005 WL 2036887 at, *2 (E.D.La. July 27, 2005) (noting that plaintiff's inaccessibility and failure to update his address suggest a failure to prosecute his case)), report and recommendation adopted, 2010 WL 3023661 (D. Minn. Aug. 2, 2010). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with" the Federal Rules of Civil Procedure "or a court order." Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power.'" Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962).

Unless the Court specifically orders otherwise, a dismissal pursuant to Rule 41(b) is considered to be a dismissal with prejudice. Fed. R. Civ. P. 41(b). The Eighth Circuit Court of Appeals, however, has cautioned against dismissing a claim with prejudice pursuant to Rule 41(b) unless there has been "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Given v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984). Instead, a court should "consider whether a less severe sanction could remedy the effect of the litigant's transgressions." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000).

This is not to say that the Court must find that the litigant "acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000) (quoting Rodgers v. Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998)). However, neither prior warning nor admonition to a litigant is required before a Court may dismiss said litigant's action sua sponte. Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000); see, Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962).

In the present case, the record now before the Court clearly demonstrates that Plaintiff has made no real effort in well over a year to pursue the present action. Plaintiff has yet to provide the Court with any consistent address where he can accept mailing from this Court. The Court has repeatedly mailed materials to Plaintiff at each of the addresses he previously provided to the Court; however as discussed above, each of these mailings have been consistently returned to the Court as "undeliverable."

It is Plaintiff's responsibility to keep this Court properly apprised of his current address so that he may receive correspondence from this Court. See, e.g., Hogquist v. Anoka Cty. Dist. Courts, No. 19-cv-2471 (WMW/KMM), 2019 WL 6874709, at *1, n.1 (D. Minn. Dec. 17, 2019); Beaker v. Pro-Staff, No. 17-cv-77 (WMW/TNL), 2017 WL 4570774, at *1 n.1 (D. Minn. Oct. 12, 2017); Heiderscheid v. Purdy, No. 18-cv-2677 (PJS/DTS), 2019 WL 4394850 (D. Minn. Aug. 22, 2019).

It has now been over fourteen months since Plaintiff took any action whatsoever in the present case. The record contains no indication that this complete lack of attention to this case is anything other than a failure to prosecute.

Consequently, the undersigned recommends that the present action be dismissed for lack of prosecution. However, because Plaintiff's failure to prosecute cannot, on the present record,

5

be said to be willfully disobedient or intentional the undersigned further recommends that the dismissal of the present action be without prejudice.[1]

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the present action be **DISMISSED without prejudice** for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 3, 2020　　　　　　　　　　　　　s/Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　　　　Hon. Leo I. Brisbois
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

[1] Although Plaintiff has consistently failed to provide the Court with any accurate updated address, there is no indication as to the basis for Plaintiff's failure to do so. Therefore, the Court cannot find that such action was willful. Likewise, the Court cannot conclude that Plaintiff willfully failed to comply with this Court's prior directives because there is no indication in the record that Plaintiff actually received notice of these directives due to his failure to provide the Court with an updated address.